SMITH and others *v.* COLORADO FIRE INS. Co. and others.

*(Circuit Court, D. Colorado.   October 10, 1882.)*

1. PLEADING—JOINT ACTION AGAINST CORPORATION AND STOCKHOLDERS.—Under section 201 of the chapter relating to corporations in the state of Colorado, a joint action may be maintained against a corporation and the owners of unpaid capital stock thereof, and a count in a complaint based upon this section is not demurrable for misjoinder of parties.

2. SAME—MAKING REPORT.—A joint action cannot be maintained against the officer of a corporation and the corporation itself for failure to comply with section 206 of the chapter relating to corporations, requiring a report to be made stating the amount of its capital, existing debts, etc.

3. SAME—FAILURE TO ORGANIZE LEGALLY.—When persons get together and assume to be a corporation, without complying with the terms of the statute in regard to organization of corporations, they may be severally and jointly liable as individuals for the debts contracted in the corporate name, but they cannot be made *joint defendants with such corporation* in an action.

Ruling on Demurrer.

HALLETT, D. J.   James P. Smith and two people called Sargent sue the Colorado Fire Insurance Company, S. Eldridge Smith and William A. Ellis and George C. Glass, upon a policy of insurance issued by the Colorado Company.   After describing the policy and the destruction of the premises by fire, and so on, plaintiffs allege in the first count that the defendants Smith, Ellis, and Glass were the owners of equal parts of the capital stock of the insurance company, which is wholly unpaid by them, and they seek apparently in that count to recover the amount of the policy from the defendant company, and from these natural persons, the owners of the stock, jointly.

. Section 201 of the chapter relating to corporations declares that the stockholders shall be liable for the debts of the corporation to the extent that may be unpaid of the stock held by them, to be collected in the manner herein provided.   Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more of the stockholders at the same time to the extent of the balance   *   *   *   by them respectively, whether called in or not, as in cases of garnishment.

I do not understand that the defendants made any objection to that count; it appears to be based upon the section of the statute, and to be within its provisions.

In the second count plaintiffs set up the same policy of insurance, and the destruction of the premises by fire, and aver that at the time of the execution and delivery of the policy the corporation had not, nor

has since, made a report stating the amount of its capital,   *   *   * existing debts, etc.,   *   *   * as required by section 206 of the chapter relating to corporations. That section requires a report to be made as described in this count of the declaration, and declares that if they shall fail to do so, and the capital stock has not been fully paid in, the directors or trustees of the company shall be jointly and severally liable for all the debts of the company that shall be contracted during the year preceding it,   *   *   * and until such report shall be made. In this count it is sought to charge these natural persons, defendants, with the corporation, as trustees of the corporation. The statute does not, so far as I can discover, give any authority for suing the corporation with the trustees in any cause of action arising under that section, and without some provision of the statute the action cannot be maintained. The liability upon this section arises for a failure on the part of the officers to perform the duty enjoined upon them by the statute. It cannot be said that the corporation itself is guilty of the same failure with the officers on whom the duty is enjoined, and it is impossible to say that the corporation is to stand with them upon such liability in the absence of any provision of the statute authorizing it.

In the third count, the plaintiffs declare on the policy of insurance as in the other counts, and allege that although the stock of the corporation had been fixed by the certificate which they had made and filed, that it had not been divided and subscribed for, or distributed to any person or persons whomsoever. That count proceeds upon the theory of wrong-doing on the part of these incorporators in commencing business before they had fully organized their company,—before there was any capital stock paid in which could be liable for the debts of the company. I do not doubt that there is liability on the part of the persons who do the things that are charged in this count; but the question here is whether they may be liable with the corporation itself, because this is an action in which the corporation and the persons who organized it are sued jointly. I think it may be said, when persons get together and assume to be a corporation without complying with the terms of the statute, without having a subscription of stock, as the law requires, in forming the organization, that they may be jointly and severally liable as individuals for the debts contracted in the corporate name, but is not sufficient to say to maintain this; and the action here, as I stated before, is against the corporation itself, and these persons are, as I think, proceeding upon some theory of deceit,—an action on the case, as we

used to call it before the legislature abolished all names,—and I don't think that these defendants can be jointly liable with the corporation in that way.

The result of all this is, the demurrer must be overruled as to the first count of the complaint, and sustained against the other two counts on the ground that there is a misjoinder of defendants.